UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT BERGEN, | CASE NO.: C08-1442-RAJ |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| HENRY RICHARDS, Ph.D., | |
| Respondent. | |

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is currently in the custody of the Washington Department of Social and Health Services pursuant to an Order of Commitment issued by the Snohomish County Superior Court. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to seek relief from a 1997 Snohomish County judgment of conviction. Respondent has filed a motion to dismiss in which he argues that the petition is successive. Petitioner has filed a number of documents with the Court since respondent submitted his motion to dismiss, but none of petitioner's documents appears to directly address the arguments made by respondent in his pending motion. Based upon a review of the parties' submissions, this Court concludes, for the reasons set forth below, that the petition is successive and should be transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631

REPORT AND RECOMMENDATION
PAGE -1

and Circuit Rule 22-3(a).

## PROCEDURAL HISTORY

On September 2, 1997, following a jury trial, petitioner was found guilty on one count of communicating with a minor for immoral purposes and not guilty on one count of rape of a child in the second degree. (*See* Dkt. No. 18, Ex. 5 at 1-2.) Petitioner was thereafter sentenced to a term of 60 months confinement. (*Id*., Ex. 5 at 2.) On April 23, 2001, a sexually violent predator action was filed against petitioner in the Snohomish County Superior Court. (*Id*.) On November 2, 2001, a jury returned a verdict that petitioner was a sexually violent predator and, on the same date, the Superior Court entered an Order of Commitment pursuant to RCW 71.09.060. (*Id*.)

Mr. Bergen has previously filed three federal habeas petitions challenging his 1997 Snohomish County Superior Court conviction. *See Bergen v. Payne*, C01-1510-BJR; *Bergen v. Seling*, C04-5155-RBL; and, *Bergen v. Richards*, C06-819-RSL. Petitioner's first petition was dismissed with prejudice because the claims presented were deemed not eligible for federal habeas review based upon petitioner's failure to properly exhaust his claims in the state courts. (*Id*., Ex. 5.) Petitioner's second petition was transferred to the Ninth Circuit as a second or successive petition. (*See id*., Exs. 11 and 12.) The Ninth Circuit subsequently denied petitioner's request to file such a petition in the district court because petitioner had not made the requisite showing under 28 U.S.C. § 2244(b)(2). (*Id*., Ex. 13.) Petitioner's third federal habeas petition was likewise transferred to the Ninth Circuit as a second or successive petition and the Ninth Circuit once again denied petitioner's request to file such a petition in the district court. (*Id*., Exs. 17 and 18.)

Petitioner commenced the instant action in September 2008 with the submission of a

number of documents which suggested that he may be seeking to challenge his current confinement. (Dkt. No. 1.) The Court thereafter directed petitioner to file his § 2254 petition on the forms provided by the Clerk of this Court. (*See* Dkt. Nos. 3 and 6.) On November 21, 2008, the Court received petitioner's § 2254 petition for filing. (Dkt. No. 9.) In his petition, petitioner identifies his 1997 Snohomish County Superior Court conviction as the conviction under attack. (*See id*. at 1.) On November 25, 2008, the Court ordered the petition served on respondent and, on January 9, 2009, respondent filed the instant motion to dismiss. (Dkt. Nos. 10 and 18.)

## DISCUSSION

By statute, this Court is without jurisdiction to consider a second or successive habeas petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A); Circuit Rule 22-3. Title 28 U.S.C. § 2244(b)(3)(A) provides that *before* a second or successive habeas petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A) thus creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, it "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court . . . ." *Id.* at 664. Permission may be obtained only by filing, with the appropriate appellate court, a motion for authorization to file a successive habeas petition with the district court. The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in § 2244(b)(2).

Because petitioner has previously filed at least one other § 2254 petition in this Court which was dismissed with prejudice, the instant petition is a second or successive one. This Court is without jurisdiction to consider such a petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A).

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's petition under 28 U.S.C. § 2254 be considered successive and therefore be transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631 and Circuit Rule 22-3(a). A proposed Order is accompanies this Report and Recommendation.

DATED this 13th day of February, 2009.

Mary Alice Theiler
United States Magistrate Judge